IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COLLEN PHILLIPS, JR., #268412, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ROBERT BENTLEY, *et al.*, )<br>)<br>Defendants. ) | CASE NO. 2:12-CV-261-WHA<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Collen Phillips, Jr. ["Phillips"], an indigent state inmate. In the complaint, Phillips challenges general conditions of confinement at the Easterling Correctional Facility. *Complaint - Doc. No. 1* at 2-3.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they address the claims for relief presented by Phillips. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Phillips in the complaint. The defendants argue that the conditions about which Phillips complains do not rise to the level of a constitutional violation.

In light of the foregoing, the court issued an order directing Phillips to file a response to the defendants' written report. *Order of May 8, 2012 - Doc. No. 15*. The order advised Phillips that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.

*Id*.  The time allotted Phillips for filing a response in compliance with the directives of this order expired on May 29, 2012.  Phillips has failed to file a requisite response in opposition to the defendants' written report.  The court therefore concludes that this case should be dismissed.

    The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action.  Phillips is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Phillips' inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the undisputed evidentiary materials submitted by the defendants indicate that the conditions about which Phillips complains do not violate the Constitution.  It therefore appears that any additional effort by this court to secure Phillips' compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file amendment in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

    For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

    ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 9, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 25th day of September, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE